UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

DONALD JAMES HOLLIN,

    Defendant.
_____/

File No. 1:09-CR-195-RHB-1

HON. ROBERT HOLMES BELL

## MEMORANDUM OPINION AND ORDER

In this action, Defendant Donald James Hollin has been charged with three counts related to possession and distribution of heroin. Before the Court is Defendant's motion to suppress evidence. (Dkt. No. 48.) Defendant contends that the evidence was seized pursuant to an invalid search warrant. For the reasons that follow, Defendant's motion will be denied.

**I.**

On June 4, 2009, officers of the Michigan State Police conducted a search of the residence of Tene Redd pursuant to a search warrant issued by a Magistrate Judge in Kalamazoo County, Michigan. Officer Michael Ferguson prepared the affidavit to obtain the warrant, in which he stated, in relevant part:

B. On 6-4-09, Officers from Kalamazoo Valley Enforcement Team made

contact with Tenae Reed[1] of 2623 Walden Wood, Wyoming, MI. Reed stated that she has been living in 2623 Walden Wood for the last five to six years and that she lives there with her two sons ages 16 and 9.

C. Officers spoke with her regarding suspect Donald Holland, whom (sic) was witnessed stopping by the apartment for a very brief visit earlier on this date. Reed advised officers that Holland was her son's godfather. Holland is in a dating relationship with Reed's friend Mesia Gordon.

D. Officers asked Reed for consent to enter the apartment to speak with her reference Holland's brief visit to the apartment, which she consented to. Inside the apartment officers requested permission from Reed to allow officers to do a 'walk-through' of the apartment to insure no other subjects were present.

E. Reed led officers through her bedroom where Investigator Gaudard noticed numerous marijuana 'roaches' in the ashtray sitting on her dresser. Reed quickly admitted that she did smoke marijuana and that they were hers for her own personal use. Officers continued the walk-through to ensure no other subjects were present. Officers then requested consent to search the apartment and Reed stated that she did not have time because she had to leave to pick up her children.

F. Officers remained on scene and informed her of the (sic) intent to apply for a search warrant to search the remainder of the apartment for drugs and or illegal contraband.

G. Reed stated that she was going to leave the scene to go pick up her children. Prior to leaving, she gave a statement to Sgt. Boysen, answering his questions she stated:

    1. Donald Hollin has never spent the night at her apartment.

    2. Approximately one month ago, Reed allowed Donald Hollin to store a 3 foot by 4 foot box at her apartment. Reed did not see where he put the box and did not know what was inside of it.

---

[1] The officer preparing the warrant affidavit spelled Ms. Redd's name throughout the affidavit as "Tenae Reed," and Defendant's name as "Holland." The Court will use the spelling of Ms. Redd's name set forth in the parties' briefs.

> 3. Since the agreement to store the box, Donald Hollin has been in possession of keys to the apartment and can come and go as he pleases.
>
> 4. Donald Hollin may be bringing things into the apartment without her knowledge.

(Dkt. No. 48, Ex. A, Warrant Aff.) The warrant permitted officers to search the apartment at 2623 Walden Wood and to seize contraband, including "[a]ny forms of marijuana, and/or other controlled substances." (Dkt. No. 48, Ex. A, Search Warrant.) When officers conducted their search of Ms. Redd's residence pursuant to the warrant, they discovered a box in Redd's bedroom closet containing 1.5 kilograms of heroin, as well as sandwich bags, a digital scale, and rubber gloves. (Dkt. No. 48, Ex. A, at 7.) Defendant's fingerprints were discovered on the package containing heroin.

## II.

Defendant moves to suppress the evidence obtained from the search, claiming that the warrant affidavit was insufficient to support a finding of probable cause for the issuance of the warrant. The Fourth Amendment prohibits the issuance of search warrants without "probable cause, supported by oath or affirmation." U.S. Const. amend. IV. "In order to demonstrate probable cause sufficient to justify a search warrant, the proponent must submit an affidavit that 'indicate[s] a fair probability that evidence of a crime will be located on the premises of the proposed search.'" *United States v. Dyer*, 580 F.3d 386, 390 (6th Cir. 2009) (quoting *United States v. Jenkins*, 396 F.3d 751, 760 (6th Cir. 2005)).

The magistrate who issues the warrant is required to make "a practical, common-sense

decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates*, 462 U.S. 213, 238 (1983). "[T]he duty of a reviewing court is simply to ensure that the magistrate had a 'substantial basis for . . . conclud[ing]' that probable cause existed." *Id.* at 238-39 (quoting *Jones v. United States*, 362 U.S. 257, 271 (1960)). "The review of the sufficiency of the evidence supporting probable cause is limited to the information presented in the four corners of the affidavit." *United States v. Berry*, 565 F.3d 332, 338 (6th Cir.2009) (citing *United States v. Frazier*, 423 F.3d 526, 531 (6th Cir. 2005)). "The magistrate's determination of probable cause is afforded great deference and should be reversed only if arbitrarily made." *United States v. Jackson*, 470 F.3d 299, 306 (6th Cir. 2006) (citing *United States v. Allen*, 211 F.3d 970, 973 (6th Cir. 2000) (en banc)).

The Court finds that the warrant affidavit demonstrates probable cause for the warrant to search Redd's residence. First, the affidavit indicates that officers discovered "numerous marijuana 'roaches'" in her bedroom. The presence of illegal drugs in Redd's bedroom, in plain view of the officers, was sufficient to support at least a suspicion that additional drugs might be found in the bedroom or elsewhere in the apartment. *See United States v. Taylor*, 248 F.3d 506, 514 (6th Cir. 2001) (finding that officers had probable cause to believe that contraband was present in an apartment belonging to a murder suspect based on an individual's nervous behavior and "a piece of marijuana in plain view").

4

Second, Redd's statements to the police provided additional support for the warrant because they suggested that a search of her home would uncover additional contraband. Redd stated that Defendant had free access to the apartment, that he was storing a box inside the apartment, that she did not know what was in the box or where it was located, and that Defendant may have been bringing items into the residence without her knowledge. At a minimum, these statements suggested that inside Redd's apartment was a box containing items for which she did not want to accept responsibility. But officers were not required to accept her word that she did not know where a "3 foot by 4 foot box" was located in her apartment, that she did not know what was in the box, or that the box belonged to Defendant. Having been caught in possession of a quantity of drugs that Redd claimed was for her own personal use, it would have been natural for her to try to distance herself from additional drugs or other contraband present in her home. According to the affidavit, Redd made her statements to the police after it was clear that the police intended to obtain a warrant to search her home. In view of the circumstances, Redd's statements, together with the drugs discovered in plain view in Redd's bedroom, provided probable cause for a warrant to search her apartment for additional contraband.

The Court notes that the warrant affidavit refers to Defendant as a "suspect," though it does not indicate what basis the officers had for identifying Defendant as a suspect. Defendant contends that the "true purpose" of the warrant was to search for evidence implicating him in drug trafficking activity, and that because there is nothing in the warrant

affidavit linking him to such activity, the government did not have probable cause to obtain the warrant. The issue, however, is not whether probable cause existed to support a search for evidence of *Defendant's* involvement in criminal activity; the issue is whether probable cause existed to search the residence for contraband. For the reasons stated, the Court concludes that probable cause existed to support a warrant for such a search.

Even if the warrant is defective because it was not supported by probable cause, the good-faith exception to the exclusionary rule from *United States v. Leon*, 468 U.S. 897 (1984), would merit denial of Defendant's motion. The good-faith exception applies where officers acted in good faith and reasonably relied on a warrant later found to be invalid. *See id.* The good-faith exception does not apply in the following situations:

> 1) when the warrant is issued on the basis of an affidavit that the affiant knows (or is reckless in not knowing) contains false information; 2) when the issuing magistrate abandons his neutral and detached role and serves as a rubber stamp for police activities; 3) when the affidavit is so lacking in indicia of probable cause that a belief in its existence is objectively unreasonable; and 4) when the warrant is so facially deficient that it cannot be reasonably presumed to be valid.

*United States v. Thomas,* 605 F.3d 300, 311 (6th Cir. 2010). Defendant does not contend that the officers conducting the search acted in bad faith, and none of the foregoing exceptions to the good-faith rule are present in this matter. Defendant does not allege that the warrant affidavit contains false information, or that the magistrate acted as a rubber stamp for police activity. For the reasons stated with respect to the warrant affidavit and the validity of the warrant, it would not be objectively unreasonable to believe that probable cause existed to

6

support the warrant.  Finally, there is no basis for concluding that the warrant is so facially deficient that it cannot be reasonably presumed to be valid.

Therefore, because the warrant affidavit demonstrates that the warrant to search Redd's apartment was supported by probable cause, and because the good-faith exception in *Leon* would preclude suppression of the evidence even if the warrant is defective,

**IT IS HEREBY ORDERED** that Defendant Hollin's motion to suppress (Dkt. No. 48) is **DENIED**.


Dated: June 25, 2010                                        /s/ Robert Holmes Bell
                                                            ROBERT HOLMES BELL
                                                            UNITED STATES DISTRICT JUDGE